UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN C. STATELY, SR., | Case No. 3:12-cv-00646-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| PRISON HEALTH SERVICES, *et al.*, | |
| Defendants. | |

Plaintiff, who is a prisoner at the Northern Nevada Correctional Center, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (dkt. no. 1-1) and an application to proceed *in forma pauperis* (dkt. no. 1).  The Court determines that Plaintiff is unable to make an initial installment payment.  However, pursuant to 28 U.S.C. § 1915, Plaintiff will be required to make monthly payments toward the full filing fee of three hundred fifty dollars ($350.00) when he has funds available.

The Complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.     SCREENING PURSUANT TO 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who

is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions must be supported with factual allegations, which a court should assume to be true and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     DISCUSSION**

Plaintiff, a prisoner at the Northern Nevada Correctional Center, brings this complaint against the Washoe County Jail "Prison Health Services" and "Risk Management" alleging personal injury, medical malpractice, and negligence for events that occurred in November 2009 through December 2010.

The requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) "acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *See*

*Gritchen v. Collier*, 254 F.3d 807, 813 (9th Cir. 2001); *Lopez v. Dep't of Health Servs.*, 939 F.3d 881, 883 (9th Cir. 1991) (per curium).

### A.     Proper Defendants

Under § 1983, a person can be:  (1) the individual who is directly responsible for the acts complained of, *see Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir.1986)) or (2) a supervisor who was aware of the actions taken but failed to intercede or (3) a supervisor who implemented a policy which accounts for the act's occurrence. *See Ashcroft v. Iqbal*, 556 U.S. at 676-677, 129 S.Ct. at 1948 - 1949.

Municipalities, other local government units and municipal government officials are persons under § 1983.  *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Delia v. City of Rialto,* 621 F.3d 1069, 1081 (9th Cir. 2010).  Counties are also persons for purposes of § 1983.  *Miranda v. Clark County, Nev.*, 319 F.3d 465, 469 (9th Cir. 2003) (en banc).  State agencies or departments within such agencies, like the "Prison Health Services" and the "Risk Management" offices named as defendants here are not persons to be held liable under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007).

The appropriateness of plaintiff's named defendants will be discussed below.

### B.     Count One

Plaintiff alleges that his rights under the Fifth and Eighth Amendments were violated in the following ways: while housed at the jail he was assaulted by jail staff when he asked to use the restroom.  He was grabbed by all four limbs and then "slammed on the cement floor of the Holding Cell."  As a result, a partial plate consisting of his front teeth was broken.  Plaintiff acknowledges that he saw a jail dentist who had to remove another tooth that was also partially broken.

Next, Plaintiff alleges he fell very hard on the second tier of Unit 9, but when deputies asked if he was okay, he responded that he was.  He even filed a report to that effect with the deputy.  Thereafter, Plaintiff states that he sent a kite to the prison health

4

services asking for a lower bunk on a lower tier and requesting a cane. These requests were denied. He alleges that he was hardly able to get around because of sharp pain in his hip and lower back, his right foot and left hand.

"Pretrial detainees . . . possess greater constitutional rights than prisoners." *Stone v. City of San Francisco*, 968 F.2d 850, 857 n.10 (9th Cir. 1992); *see also Gary H. v. Hegstrom*, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008); *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). For example, where the pretrial detainee is claiming that prison officials were liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards. *See Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc); *see also Pierce*, 526 F.3d at 1209-13 (explaining that detainees in administrative segregation are entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate opportunities for exercise); *Johnson v. Meltzer*, 134 F.3d 1393, 1398 (9th Cir. 1998) (stating that Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

To prove a claim that prison officials violated his constitutional rights through excessive use of force, an inmate must satisfy two requirements. First, he must satisfy a subjective requirement that the force used by the corrections officers "inflicted unnecessary and wanton pain and suffering." *Hudson v. McMillian*, 503 U.S. 1, 6 (1993). Second, the inmate must satisfy an objective requirement; he must show that correctional officers' actions, taken contextually, were "objectively harmful enough" to offend "contemporary standards of decency." *Id.* at 8. The Eighth Amendment's prohibition on "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a

sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (internal quotation marks omitted).

Here, Plaintiff states facts sufficient to allege a colorable claim for the use of excessive force by the jailers who picked him up and slammed him to the floor during his booking process on November 2, 2009. However, he has not identified the proper defendants on this claim. Neither Prison Health Services nor Risk Management can be held liable for these actions. Plaintiff must identify and name the officers or jailers who are responsible for the alleged assault or he must demonstrate that the officers were acting in conformance with a jail policy, and then he must identify some appropriate municipal agency or official who is responsible for the policy. *See Monell*, 436 U.S. at 690 (municipal government officials, such as the sheriff, are persons for purposes of § 1983); *but see McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997) ("[O]ur understanding of the actual function of a governmental official, in a particular area, will necessarily be dependent on the definition of the official's functions under relevant state law."); *see also id.* at 804-05 (Ginsburg, J., joined by Stevens, Souter & Breyer, JJ., dissenting) ("A sheriff locally elected, paid, and equipped, who autonomously sets and implements law enforcement policies operative within the geographic confines of a county, is ordinarily just what he seems to be: a county official. . . .").

Plaintiff also does not state sufficient facts to proceed on his claim that the Prison Health Services is liable for either his injuries from falling or the denial of his request for a lower bunk/lower tier housing assignment. The claim that he was denied a cane, as alleged here, is also inadequate. Plaintiff has not shown that any defendant had the subjective intent to cause him harm since Plaintiff advised the Health Services and jail officials, generally, that he had not been injured by his fall in the report he prepared with the jailer.

Count one will be dismissed with leave to amend as herein described.

///

///

### C. Count Two

Plaintiff alleges that he suffered "physical injuries" through reckless indifference and medical malpractice in violation of his rights under the Sixth and Ninth Amendments when he was given the wrong medication by a psychiatrist at "Prison Health Services," causing permanent damage to his kidneys. He alleges that the next doctor he saw took him off the medication and he has been informed by the "doctor who treats [him] here (NNCC), that the damage to his kidneys is permanent." Plaintiff does not identify the doctor who is responsible for prescribing the wrong medication.

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*citing Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988)); *see also Estelle v. Gamble*, 429 U.S. 97 (1976). "But not every breach of that duty is of constitutional proportions. In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Hutchinson*, 838 F.2d 394 (*quoting Estelle*, 429 U.S. at 104). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment . . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

The facts alleged by Plaintiff do not state a claim for denied medical care in violation of the Constitution. Neither the Sixth nor Ninth Amendments to the United States Constitution provide protections or prohibitions related to medical care of prisoners. Rather, the facts alleged present a claim for medical negligence. As noted above, the Eighth Amendment provides such protections.

Nor has Plaintiff identified a proper defendant or defendants. To state a claim under the Eighth Amendment, a plaintiff must identify the doctor who prescribed the medication and describe the conditions under which the medication was prescribed or continued once it became known that plaintiff was suffering harm from the medication.

Count two will be dismissed without prejudice. Plaintiff will be given an opportunity to amend the claim to provide the name of a proper defendant and to provide facts, if he can, which demonstrate deliberate indifference to a serious medical need on the part of the defendant doctor or doctors.

### D. Count Three

Finally, Plaintiff alleges that he injured his foot in a fall while descending from his top bunk. He alleges that initially he was given a wheelchair and a wrap for his foot. He alleges that after a week, the wheelchair was taken by "a deputy" and he was "forced to walk" on the injured foot without a cane or crutches. According to Plaintiff, his foot was x-rayed and the nurse informed him that he had reinjured an old break. Plaintiff contends that he is now 100 percent disabled and wheelchair bound because of the untreated injury. Plaintiff alleges these acts were taken with deliberate indifference and gross negligence on the part of the Prison Health Services.

As noted above, negligence on the part of medical professionals is insufficient to state a claim under § 1983. Plaintiff has neither stated that he asked to see the doctor when the wheelchair was taken away nor that he asked the nurse for a cane or crutches and they were denied. Plaintiff may be able to amend this claim to state sufficient facts. The Court dismisses this claim without prejudice and with leave to amend.

### III. CONCLUSION

The Court dismisses Plaintiff's Complaint without prejudice and with leave to amend. Plaintiff will be given an opportunity to amend his Complaint to identify proper defendants and to provide additional facts, if they exist, to address the deficiencies outlined in this Order.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated, and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed *in Forma Pauperis* without having to prepay the full filing fee (dkt. no. 1) is GRANTED; Plaintiff is not required to pay an initial installment fee. Nevertheless, the full filing fee of three hundred fifty dollars ($350.00) will still be due, even if this action is dismissed, pursuant to 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #87972), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk must also send a copy of

this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the Clerk of the Court must file the Complaint which is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

IT IS FURTHER ORDERED that Plaintiff will have thirty (30) days from entry of this order to file his amended complaint. Failure to do so may result in dismissal of the complaint with prejudice.

DATED THIS 10th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE