UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN C. STATELY, SR., | Case No. 3:12-cv-00646-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| PRISON HEALTH SERVICES, *et al.*, | |
| Defendants. | |

Plaintiff, who is a prisoner at the Northern Nevada Correctional Center, has filed an Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (dkt. no. 5), a Motion For Appointment Of Counsel (dkt. no. 4), a Motion For Subpoena (dkt. no. 6) and a Motion For Service Of Complaint And Summons (dkt. no. 7).  The amended complaint is subject to the provisions of the Prisoner Litigation Reform Act as discussed below.

**I.      SCREENING PURSUANT TO 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A reviewing court should "begin

by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009). Legal conclusions must be supported with factual allegations," which a court should assume to be true and "then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    DISCUSSION**

Plaintiff brings this complaint against Washoe County Sheriff Deputies Jose Chazez, Brett Seegmiller, Shatawna Miller and Kristin Cahill. He also names Doctor Shull, a psychiatrist with the Prison Heal Services. The allegations include the use of excessive force by the deputies and a denial of proper medical care by the psychiatrist.

**A.    Count One**

Plaintiff alleges that his rights under the Fourth Amendment were violated on November 9, 2009, while being processed into the Washoe County Jail. He asserts that he was "physically pick[ed] up and taken to a holding cell by sheriff deputy's [sic]" and that his chin hit the cement floor knocking out his front teeth.

Although it was not stated in the original complaint exactly when the event occurred, the amended complaint makes it clear that the entire incident of physical assault, which is the basis of the claim, occurred on November 9, 2009. This action was not commenced until December 10, 2012.

The forum state's statute of limitations for personal injury actions is the appropriate limitations period for actions under 28 U.S.C. § 1983. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.) (per curiam), *cert. denied*, 493 U.S. 860 (1989). The statute of limitations in Nevada for personal injuries is two years. *See* Nev. Rev. Stat. § 11.190(4)(e). Federal law governs the point at which a cause of action accrues and the statute of limitations begins to run. *Vaughan*, 927 F.2d at 480. Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Norco Constr., Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir. 1986*); Cline v. Brusset*, 661 F.2d 108, 110 (9th Cir. 1981).

Here, plaintiff was aware of the alleged assault on the date it occurred. The complaint was filed more than three years after that date. As a result, it is untimely.

Count One will be dismissed with prejudice.

**B.     Count Two**

Plaintiff alleges that his rights under the Eighth Amendment were violated by a failure to provide adequate medical care. He also claims "Personal Injury; Reckless Endangerment and Deliberate Indifference." He alleges that Dr. Shull prescribed medication for a psychiatric condition which caused permanent damage to his liver and kidneys. Plaintiff alleges that during an appointment with Dr. Shull in December 15, 2009, plaintiff expressed concern about being on any medication that would harm his liver because he has Hepatitis C and high blood pressure. Plaintiff alleges that the doctor assured him that he had read plaintiff's medical file and then the doctor prescribed "Lithyum-Solfate."

Plaintiff further alleges that after taking the medication he began to feel dizzy. He alleges that blood tests caused another doctor to become concerned because the tests showed damage to plaintiff's kidneys. That doctor discontinued the "Lithyum Solfate." Plaintiff alleges the damage to his kidneys has not been completely resolved, despite new medication and review by doctors at the Carson Tahoe Hospital and by prison doctors.

The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*citing Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.1988)); (*Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976)). In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" *Hutchinson,* 838 F.2d 394 (*quoting Estelle*, 429 U.S. at 104, 97 S.Ct. 285). Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "deny, delay, or intentionally interfere with medical treatment. Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

As alleged, plaintiff was seen regularly by medical staff. Once the medication error was discovered by another doctor, he took steps to correct it. Plaintiff points to nothing that demonstrates deliberate indifference to his health, despite the medical error in prescribing the lithium sulphate. A mistake by a doctor, without more, does not state an Eighth Amendment violation. *Hutchinson,* 838 F.2d 394.

Count two of the Amended Complaint fails to state a claim for which relief may be granted.

**III.     CONCLUSION**

This amended complaint will be dismissed with prejudice for failure to state a claim for relief. It does not appear that plaintiff would be able to cure the defects in the complaint if he were to be given a second chance to amend. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam).

Because this complaint is being dismissed with prejudice, the pending motions are rendered moot. They will be denied on that basis.

IT IS THEREFORE ORDERED that the Amended Complaint is dismissed with prejudice for failing to state a claim for relief. Any appeal of this dismissal would not be taken in good faith.

1    IT IS FURTHER ORDERED that all pending motions are denied as moot.

2    The Clerk will enter judgment accordingly.

3    DATED THIS 9th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE